THOMAS A. ALLEN v. ROBERT SIMPSON and others.

## *Judgment.*

A judgment recovered upon a bond for less than sixty dollars, in an action brought prior to the time when the Code of Civil Procedure went into operation, is a valid judgment. This case is governed by the Revised Code, ch. 31, §38, and it does not appear that the defendant availed himself of his right thereunder, either to *plead in abatement* or *move* to dismiss the suit.

(*Brooks* v. *Collins*, Taylor's Rep. 236, cited and approved).

EJECTMENT tried at Fall Term, 1883, of RUTHERFORD Superior Court, before *Shipp, J.*

Both parties claimed title to the land in controversy under J. M. Justice.

The plaintiff claimed under a sheriff's sale and deed, by virtue of an execution from the superior court of Henderson county, issued on the 5th day of November, 1875, upon a judgment rendered in favor of Albert Jones in the superior court of Henderson county, and docketed in the superior court of Rutherford county.

The plaintiff introduced a transcript of the judgment from Henderson county. The judgment was for the sum of fifty-nine dollars and twenty-five cents, founded upon a bond for forty-six dollars and thirty-five cents.

The defendants claim under a deed from J. M. Justice and wife, dated the 4th day of August, 1873, and showed that they went into possession of the land immediately and have held continuous possession ever since.

The defendants contended that the judgment under which the plaintiff claimed title was void, and that the execution sale under it passed no title to the plaintiff.

Verdict and judgment for the plaintiff; appeal by defendants.

*Messrs. Hoke & Hoke,* for plaintiff.
*Messrs. Jones & Johnston,* for defendants.

ASHE, J. There were several exceptions taken on the trial, but they were all abandoned here except that to the validity of the judgment.

The action in which the judgment was rendered was commenced in 1867, and the judgment was rendered in September, 1869.

By the Code of Civil Procedure, Title 1, §3, it is provided, "that all actions commenced prior to the ratification of this act, or which shall be hereafter commenced, founded upon a contract made prior to the ratification of this act, shall be governed with respect to the practice and procedure therein, up to and including the judgment, by the law existing prior to the ratification of this act, as near as may be, and the practice in such actions, subsequent to judgment, shall be governed by the enactments of this act."

What then was the law previous to the 24th of August, 1868, when the Code of Civil Procedure went into operation? In the Revised Code, ch. 31, §40, it was declared that no suit shall be commenced in any of the said courts (county and superior) for any sum of less value than one hundred dollars due by bond, promissory note, or liquidated account signed by the party to be charged therewith. The 41st section of the act provided that if a suit should be commenced in the county courts for a sum of less value than sixty dollars, it should be abated on the plea of the defendant; but if commenced for a sum of less value than one hundred dollars due by bond, &c., it should be dismissed by the court. The 42d section of the act provided that if a suit was commenced in the superior court contrary to the provisions of the 40th section of the act, the same should be dismissed by the court; and if any person should demand a greater sum than is due, and it should be found by the verdict of a jury that a less sum was due to the plaintiff in principal and interest, then by the provisions of the 40th section, it was made the duty of the court to nonsuit the plaintiff, unless he should make affidavit, &c.

The provisions of the enactment in the Revised Statutes were modified by the Revised Code, ch. 31, §38, which, without changing the limit of jurisdiction, provided "that if any action shall be commenced in any of the said courts contrary to the provisions of this section; or if the sum sued for, which may be truly due and owing, is of less value than that for which the action is hereby allowed to be commenced in said courts (county and superior), the same may be abated on the plea of the defendant, or if the *matter appear on the writ or declaration it may be dismissed on motion*."

The 2d section of the ordinance of the convention of 1866, which has been cited and discussed before us, has no other effect than simply to reduce the jurisdiction of the superior courts in actions on bonds, &c., from one hundred dollars to sixty dollars.

But here the sum demanded and that recovered is less than sixty dollars, and the question is: is that a valid judgment? We do not see why it is not. The rules of practice prescribed in the Revised Code, ch. 31, §38, govern this case. If an action of covenant had been brought under the former practice for a sum above sixty dollars, when the sum actually due was less, the action might have been defeated by a plea in abatement setting forth that the true amount due was less than sixty dollars under the said section 38. But what if the defendant had neglected to plea in abatement, and had gone to the jury upon the general issue, can it be doubted but that the verdict would stand and the judgment therein be valid, notwithstanding the verdict be less than sixty dollars? The same section provides that if the matter, that is, the sum demanded, appear on the writ or declaration to be of less value than that allowed to be sued for, the action *may be dismissed on motion*. The act does not declare that it *shall* be dismissed, but *may* be dismissed on *motion;* but suppose no motion should be made, would not the plaintiff be entitled to take his judgment by default or go to the jury upon the issues, if any, just as in the other case, where there has been no plea in abatement, and with the like effect?

ALLEN *v.* SIMPSON.

It will be noticed the language of the Revised Code differs from that used in the Revised Statutes, ch. 31, §41, where defining the jurisdiction of the county courts the language used is, *shall be dismissed by the court;* and in the 42d section of the same chapter the language is, it shall be the duty of the court to nonsuit the plaintiff. Whereas the 38th section of the Revised Code, substituted for these sections of the Revised Statutes, uses the language *"may be abated"* and *"may be dismissed on motion."* This change in the phraseology of the statute must have been made with a purpose, and we can conceive of no other purpose than that if a defendant should fail *to plead in abatement* or to *move* to dismiss, in cases where an action is brought for a sum of less value than that allowed to be sued for, the plaintiff would have a right to his judgment, or at least to go to the jury upon the merits of his case.

We are supported in this view of the question by the decision in the case of *Brooks* v. *Collins,* Taylor's Rep., 236, which was an appeal from the county court, where the jury had rendered a verdict for a sum less than twenty pounds, when that was the minimum jurisdiction of the courts, HALL, J., saying: "This is an appeal from the county court. The jury in the superior court have found a sum under twenty pounds; a motion is made by the defendant's counsel to set aside that verdict after it is recorded, because the county court in the first instance had not jurisdiction, the sum due being under twenty pounds. The verdict being recorded, I think it ought to stand. This motion, in substance, might have been made at an earlier stage of the proceedings; had that been done, in all probability it would have been granted."

Judge TAYLOR, in an extended view of the question, concurred with Judge HALL in his opinion.

Our conclusion is that the judgment is not void, however irregular or erroneous it may be.

No error.                                        Affirmed.